IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

     Plaintiff,

     v.                            CASE NO. 25-3115-JWL

WYANDOTTE COUNTY DISTRICT
COURT, et al.,

     Defendants.

## MEMORANDUM AND ORDER

On June 10, 2025, Plaintiff and state prisoner Pierre Quaran Hamilton filed a pro se civil complaint on the required form for bringing a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Because the complaint did not have a case number on it, the Court directed the clerk to file it as a new action and issue a notice of deficiency (NOD) granting Plaintiff time in which to either pay the required filing fee or submit a motion to proceed without prepayment of fees and the required supporting documentation. The clerk issued the NOD on June 10, 2025; it grants Plaintiff until July 10, 2025 to comply. (Doc. 2.) Because the Court dismisses this case as repetitive and frivolous, Petitioner need not comply with the NOD issued in this case.

## I.  Nature of the Matter before the Court

Plaintiff sues the Wyandotte County District Court and State District Judge Jennifer L. Myers. (Doc. 1, p. 1-2.) The precise nature of Plaintiff's claims is unclear, but he asserts that the violation of the rights guaranteed to him by the Fourth, Fifth, and Fifteenth Amendments to the United States Constitution. *Id.* at 3-4. Count I alleges the violation of the Fourth and Fourteenth Amendments via false arrest, malicious prosecution, "malicious conviction," and false

imprisonment. *Id.* at 3. Plaintiff states generally that he is "alleging any [and] all facts supporting a Due Process 'Malicious Prosecution claim [and] a Due Process unlawful (post conviction imprisonment claim). See: Journal Entry." *Id.* at 6 (all errors in original). Count II alleges the violation of the Fifth Amendment guarantees of a fair trial and an impartial judge, based on the state judge's failure to recuse. *Id.* at 3, 6. Plaintiff also refers generally to false imprisonment and his constitutional right against compelled self-incrimination. *Id.* at 3, 6-7.

In the space in the form complaint for identifying Count III, Plaintiff writes: "'Constitutional Deprivation', Denial of Habeas Corpus Great Writ (Fundamental Constitutional Right) [and] K.S.A. 21-5231 Immunity Violation." *Id.* at 4. In the space for setting forth the supporting facts, Plaintiff writes: "See attached forms along w[ith] Habeas Corpus Great Writ [and] supporting docs." *Id.* No writ of habeas corpus is attached to the complaint and the pages attached to the complaint do not contain any information that obviously alleges facts in support of Count III. *See id.* at 6-10. In those pages, however, Plaintiff does explain to the Court that he is grieving the death of his son and he appears to present arguments regarding the constitutionality of his criminal convictions and the proceedings that led to those convictions. As relief, Plaintiff seeks money damages to compensate him for pain, suffering, and lost wages; an order for his immediate release; an entry of acquittal or a reversal with prejudice of his state-court convictions; expungement of his criminal record; and "40 Acres in the State of Kansas regardless of City, Town, or County." *Id.* at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). It must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally

frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff raised very similar claims for similar relief against the same Defendants in the initial complaint he filed in *Hamilton v. Wichita*, Case No. 25-3098-JWL. In an order issued June 5, 2025 in that case, the Court explained that the claims against the District Court of Wyandotte County and Judge Myers are subject to dismissal:

> The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a general jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).
>
> For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state officer sued in his or her official capacity also enjoys this protection. *Colby v.*

4

*Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). In determining whether an entity is an instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id.* (citations omitted).

Plaintiff names as a defendant in this matter the District Court of Wyandotte County, Kansas. Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. Thus, generally speaking, the Eleventh Amendment bars suit against the District Court of Wyandotte County. There are three exceptions to state immunity under the Eleventh Amendment:  (1) when the State consents to suit, meaning it waives immunity; (2) when Congress properly abrogates the immunity through legislation; and (3) when there are ongoing violations of federal relief and the plaintiff seeks only prospective injunctive relief. *See Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Umholtz v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 926 F. Supp. 2d 1222, 1227 (D. Kan. 2013).

Nothing in the complaint now before the Court suggests that the State has consented to Plaintiff suing the District Court of Wyandotte County. In addition, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). And Plaintiff seeks money damages in this suit.[1] (Doc. 1, p. 5.) Thus, none of the three exceptions to Eleventh Amendment immunity seem to apply here, which means that the District Court of Wyandotte County is subject to dismissal from this action.

---

[1] Plaintiff also seeks his release and reversal of his convictions, but such relief is not available in a 42 U.S.C. § 1983 action, as discussed more below.

Plaintiff also names as a defendant state District Judge Jennifer L. Myers. District and appellate court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004); *see also Sigg v. Dist. Court of Allen Cnty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). State officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will*, 491 U.S. at 71. Thus, any claims against Judge Myers in her official capacity in this action are subject to dismissal.

Additionally, even if Plaintiff sues the judge in her individual capacity, she is entitled to judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority...."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Even liberally construing the complaint and attachment thereto, to the extent that Plaintiff's allegations involving Judge Myers can be deciphered, they involve only actions she took in her judicial capacity and Plaintiff does not allege that she acted in the clear absence of all jurisdiction. Thus, Judge Myers is subject to dismissal from this action. Because both of the named Defendants to this action are subject to dismissal, the entire case is subject to dismissal for failure to state a claim on which relief can be granted.

*Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1591982, *4-5 (D. Kan. June 5, 2025) (unpublished).

The analysis quoted above is equally applicable to the complaint now before the Court, leaving this complaint similarly subject to dismissal. In addition, the Court notes other deficiencies in this complaint which, in other cases, it has cautioned Plaintiff may lead to dismissal The complaint fails to allege specific factual support for his general claims of constitutional violations; it does not make clear which Defendant did what to Plaintiff; it fails to contain a short and plain statement of the claim, as required by Rule 8; it seeks relief not available under § 1983; and it seeks damages for mental and emotional injury without alleging facts that show a prior physical injury or the commission of a sexual act, as required by 42 U.S.C. § 1997e(e). *See Hamilton*, 2025

WL 1591982, at *3-4, 6 (explaining Rule 8 and § 1997e(e) requirements and identifying relief unavailable in a § 1983 action); *Hamilton*, 2024 WL 1834354, at *3 (explaining that it is not enough to refer to constitutional rights without explaining how Plaintiff's rights were violated and that Plaintiff must explain which Defendant did what to Plaintiff).

The Court further notes, however, that the current complaint was filed only 5 days after the memorandum and order in Case No. 25-3098 cited above was issued. Thus, giving Plaintiff the benefit of the doubt, he may not have received the mailed copy of the order before submitting this complaint. Yet Plaintiff should have been aware that this complaint was largely identical to the complaint in Case No. 25-3098, which was pending before the Court. "'[R]epetitious litigation of virtually identical causes of action' may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (citation omitted) (finding action frivolous against new defendant even if not repetitive where new defendant was entitled to immunity). Thus, this matter is subject to dismissal as frivolous. Moreover, as explained above, it is subject to dismissal for failure to state a claim on which relief can be granted.

The Court recognizes that Plaintiff is grieving and that he is proceeding pro se, without the benefit of counsel. But pro se litigants must "follow the same rules of procedure that govern other litigants." *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that federal rules apply to all litigants, including prisoners lacking access to counsel). This Court may not dispense with the statutorily required screening or decide to not enforce pleading requirements, even where a pro se party is suffering a personal tragedy.

Plaintiff is cautioned that future claims in complaints submitted by him that seek money damages from the Wyandotte County District Court or that assert claims against Judge Meyers for actions taken in her judicial capacity may be summarily dismissed without prior notice to him.

"'The right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). As the United States Supreme Court has recognized: "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Screening repetitive complaints that state prohibited claims already dismissed in other suits by the same Plaintiff does not promote the interests of justice.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** with prejudice for the reasons stated herein. Plaintiff need not comply with the NOD (Doc. 2) issued on June 10, 2025.

**IT IS SO ORDERED**.

**Dated this 18th day of June, 2025, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**